# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAKE CITY BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 18 C 7159 ) ) |
| R.T. Milord Co., | ) ) |
| Defendant. | ) ) ) |

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant R.T. Milord Company's ("Milord") motion to dismiss Plaintiff Lake City Bank's ("LC Bank") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## FACTUAL BACKGROUND

The following facts are taken from LC Bank's complaint and assumed to be true for purposes of this motion. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). The Court draws all reasonable inferences in LC Bank's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074. 1081 (7th Cir. 2008).

On January 9, 2017[1], June 22, 2017, and March 14, 2018, K-Com Transport Services, Inc. ("K-Com Transport") entered into three promissory notes with LC Bank, in which LC Bank agreed to loan them money. In exchange for these loans, LC Bank was granted a security interest in all of K-Com Transport's "[i]nventory, [a]ccounts, [e]quipment. and [g]eneral [i]ntangibles."

LC Bank alleges that K-Com Transport "does business as" K-Com Environmental, and is thus the same business entity. In its responsive pleadings, LC Bank does not distinguish between the entities and collectively refers to K-Com Transport and K-Com Environmental as "K-com."

K-Com Environmental issued three invoices to Milord for "constructive sales" on December 31, 2017 (invoice number 0030326) for $90,000, January 31, 2018 (invoice number: 0030369) for $96,501, and February 28, 2018 (invoice number: 0030384) for $24,250. According to LC Bank, K-Com defaulted under the promissory notes and security agreements, resulting in the assignment in K-Com's collateral for collection and receipt by LC Bank. On April 13, 2018, LC Bank sent Milord a letter notification (the "Notification"). In relevant part, the Notification stated:

> Credit Department
> 114 E Market St
> PO Box 1387
> Warsaw IN 46581

---

[1] Michelle M Roussaff-Kemp and Patrick W. Kemp entered into the promissory note with LC Bank dated January 9, 2017, in which LC Bank agreed to loan the Kemps money. In exchange for these loans, LC Bank was granted a security interest "executed among K-COM Transport Services, In. ('Grantor'); Michelle M Rousseff-Kemp and Patrick W. Kemp ('Borrower'); and Lake City Bank ('Lender')."

…

MILORD COMPANY
9801 INDUSTRIAL DRIVE
BRIDGEVIEW, IL 60455
Via Email and First Class Mail

      Re: Obligations Due and Owing to K-Com Transport Services, Inc.

…

      Please be advised that K-Com is in default under the Notes and Security Agreements for failure to comply with the terms thereof. Pursuant to the terms and conditions of the Security Agreements, the Bank is entitled to, and does hereby, exercise its right to collect and receive all accounts receivable due to K-Com, including without limitation, the following invoices for goods and services provided to and for the benefit of _MILORD COMPANY

| Invoice No. | Invoice Date | Outstanding Balance |
|---|---|---|
| 0030326-IN | 12/31/2017 | $210,751.00 |
| 0030369-IN | 3/2/2018 | |
| 0030384-IN | 3/30/2018 | |

      It is the Bank's understanding, that, to date, the amount due under the Invoice remains unpaid. Accordingly, please take notice that the Bank does hereby demand payment from MILORD COMPANY in the amount of $210,751.00, with such payment to be remitted to the Bank at the following address:

      Lake City Bank
      Attn: Ron Cotton
      P.O. Box 1387
      Warsaw, IN 4681

…

      In addition to the foregoing, should MILORD COMPANY owe any amounts to K-Com other than the amount due and owing under the Invoice now or in the future for goods or services provided

> by K-Com, all such payments should be remitted to the Bank when due at the address set forth above.

After receiving the Notification, Milord remitted $116,010.25 directly to K-Com in May of 2018. On October 25, 2018, LC Bank filed a complaint against Milord alleging breach of duty under the Uniform Commercial Code ("UCC") § 9-406. Specifically, LC Bank alleges that Milord breached its duty by improperly paying K-Com instead of LC Bank. Milord filed the instant motion on February 1, 2019 under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the

grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

When a Rule 12(b)(6) motion is filed and "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 [,and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). As LC Bank notes, materials "to which the Complaint … refer[s]" may nevertheless be considered on a Rule 12(b)(6) motion, provided that the material is "concededly authentic and … central to the plaintiffs' claim." *Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012) (quoting *Hecker v. Deere v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). Exhibits attached to a complaint may be considered at the motion to dismiss stage because "[a] copy of written instrument that is an exhibit to [a] pleading is [] part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see Knafel v. Chi. Sun-Times, Inc.*, 413 F.3d 637, 640 (7th Cir. 2005) (considering newspaper column attached to complaint pleading defamation claim).

## DISCUSSION

Milord seeks dismissal of LC Bank's complaint on two theories: (1) UCC § 9-406 is not applicable to the underlying dispute; and (2) Milord never received adequate notice of LC Bank's claim. We discuss each theory in turn.

## A. Applicability of UCC § 9-406

Milord first alleges that UCC § 9-406 is inapplicable because Milord is not an "account debtor" and that UCC § 9-406 "only accrues pursuant to a voluntary assignment with proper notice and authentication." LC Bank alleges that UCC § 9-406 contemplates the exact scenario at issue. We agree.

UCC § 9-406(a) provides:

> Subject to subsections (b) through (i), an account debtor on an account … may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

The UCC, adopted in Illinois as in all states, provides that the rights of an account debtor's assignee "are subject to (a) all the terms of the contract between the account debtor and the assignor … and (b) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment." UCC § 9-318(1). An "account debtor" is basically "someone who owes money as a result of a contractual undertaking." *In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 953 (7th Cir. 2003); UCC 9-105(1)(a). "Assignments of accounts are subject to Article 9 of the UCC." *In re Doctors*, 337 F.3d at 953; 4 James J. White & Robert S. Summers, *Uniform Commercial Code* § 30-2, p. 4 (4th ed. 1995). Account means "a right to payment of a monetary obligation … (i) for property that has

been or is to be sold, leased, licensed, assigned, or otherwise disposed of [or] (ii) for services rendered or to be rendered …". § 9-102(a)(2).

With these definitions in mind, we affirm the applicability of UCC § 9-406 to the present dispute. LC Bank has sufficiently pled that Milord is an account debtor because the complaint alleges that Milord is the "someone who owes" the "money" predicated on the contractual undertaking. *See In re Doctors Hosp. of Hyde Park*. 337 F.3d at 953. Also, Milord's outstanding balance of $210,751 qualifies as an "account" because the balance is based on obligations owed for goods and services. Therefore, we find that LC Bank has sufficiently pled that an account debtor's (Milord) obligation was assigned from one party (K-Com Transport) to another party (LC Bank). Summers, *White and Summers' Uniform Commercial* § 34:8 (6th ed. West 2018) ("Of course, if the account debtor mistakenly pays the debtor instead of the secured creditor, Article 9 must spring into action.").

Milord next argues that UCC § 9-406 "only accrues pursuant to a voluntary assignment with proper notice and authentication." Specifically, Milord argues that LC Bank's claim must fail because K-Com Transport's accounts receivables were not "voluntarily assigned" to LC Bank. We find Milord's assertion without merit. Milord has cited no authority to support this proposition, and LC Bank correctly points out that UCC § 9-406 makes no such reference. Further, Comment 26 to UCC § 9-102 makes no distinction about the voluntariness or involuntariness of an assignment.

7

Accordingly, we find UCC § 9-406 is indeed applicable and we next evaluate whether LC Bank has sufficiently pled a breach of duty.

### B. LC Bank Has Sufficiently Pled A Cause Of Action Under UCC § 9-406

Milord argues that dismissal is proper because it never received proper notice of LC Bank's alleged claim. LC Bank claims that it sufficiently alleged a breach of duty under § 9-406. We agree.

Under UCC § 9-406, an account debtor such as Milord

> may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

Notification will be ineffective under subsection (a) if "it does not reasonably identify the rights assigned" or "the notification notifies the account debtor to make less than the full amount of any installment or other periodic payment to the assignee." UCC § 9-406(b). "Thus, where an account debtor receives notification of assignment but nonetheless pays only the assignor, the account debtor remains obligated in full under the contract, and upon the assignor's default, the assignee may enforce the account debtor's contractual obligations." *Reading Coop. Bank v. Suffolk Constr. Co.*, 984 N.E.2d 776, 782 (Mass. 2013). The UCC provision "requires an account debtor that has received a notice of assignment to pay the assignee in order to discharge its

8

contractual obligation to the assignor." *Durham Commer. Capital Corp. v. Select Portfolio Servicing, Inc.*, 2016 WL 6071633, at *21 (M.D. Fla. 2016).

Milord claims that dismissal is proper because the Notification did not reasonably identify the rights assigned, the Notification was not authenticated, and there was a discrepancy in the amount owed. we evaluate each argument in turn.

### i. Notification

Milord first claims that LC Bank's Notification was improper because it was not articulated with the "utmost specificity" and failed to reasonably identify the rights assigned. In relevant part, the Notification states as follows:

> Lake City Bank (the "Bank") is a secured credit of K-Com Transport Services, Inc. The Bank is the holder of certain Promissory Notes executed by K-Com in favor of the Bank (the "Notes"). Repayment of the Notes is secured by, without limitation, certain Commercial Security Agreements executed by K-Com in favor of the Bank (the "Security Agreements"), wherein K-Com granted to the bank a first position, perfected security interest in all of K-Com's accounts receivable …
>
> [T]he Bank is entitled to, and does hereby, exercise its right to collect and receive all accounts receivable due to K-Com, including without limitation, the following invoices for goods and services provided to and for the benefit of _MILORD COMPANY
>
> | **Invoice No.** | **Invoice Date** | **Outstanding Balance** |
> |---|---|---|
> | 0030326-IN | 12/31/2017 | $210,751.00 |
> | 0030369-IN | 3/2/2018 | |
> | 0030384-IN | 3/30/2018 | |

Milord first argues that the Notification was improper because it failed to expressly identify the applicable UCC standard Milord was subject too and did not

mention the word "assignment." Courts have consistently held that no authority exists requiring "magic words" for notices to be effective. *See Municipal Trust and Sav. Bank v. Grant Park Community Dist.*, 171 Ill.App.3d 289, 121 (1988); *see also Hall Bros. Constr. Co. v. Mercantile Nat'l Bank*, 642 N.E.2d 285, 290 (Ind. Ct. App. 1994). The Notification unambiguously asserts that Milord is to pay the outstanding balance to LC Bank, and not K-Com Transport. Therefore, we find Milord's contention meritless.

Milord next alleges that the Notification failed to reasonably identify the rights assigned. Specifically, Milord argues that it could not have received a notification regarding the accounts receivable of "K-Com Transport Services, Inc." because "K-Com Environmental" is the entity name on the invoice Milord received.

LC Bank marshals *Bay Area Factors v. Target Stores, Inc.*, for its proposition that adequate notice was given despite the inconsistency in the entity's name. 987 F. Supp. 734, 737. In *Bay Area*, the defendant argued in the summary judgment phase that it never received proper notice of an assignment from Sterling Sportswear to Bay Area because all of the relevant documents referred to Sterling Products. *Id.* at 736. The court found however, that adequate notice as afforded to the defendant because "the documents reference[d] the purchase order number, [the defendant] cannot claim that the use of the Sterling Products name prevented it for identifying the correct amount." *Id.* at 737. The court also noted that the defendant "received letters from the original vendor who was named on the account, and these letters specifically identified the purchase orders at issue." *Id.* Therefore, "enough information was provided to

allow [the defendant] to reasonably identify the account for the purchase order that was assigned." *Id.* The court concluded its analysis by holding that if the defendant was confused by the omission of Sterling Sportswear, "it could have easily contacted [the assignor] for clarification." *Id.*

We find that for purposes of this motion, LC Bank has properly notified Milord. While subsequent discovery may prove otherwise, we accept as true LC Bank's assertion that K-Com Transport was "doing business as" K-Com Environmental, and is therefore the same entity. The Notification referenced the relevant purchase order numbers and corresponding dates. We agree with the proposition that if Milord "was confused by the omission" of K-Com Transport, it could have contacted "LC Bank" for clarification. *See Bay Area Factors*, 987 F. Supp. 737. Also, the Notification unambiguously asserts that the $210,751 outstanding balance should be remitted to LC Bank. Therefore, we find that LC Bank has plausibly pled that it reasonably identified the rights assigned.

### ii. Authentication

Milord next asserts that LC Bank did not plead that its notification was "authenticated by the assignor or the assignee." UCC § 9-102(a)(7) defines "authenticated" to mean "to sign." We agree with LC Bank's position that the Notification clearly indicates that the Vice President of LC Bank, Ronald E. Cotton, signed the Notification to Milord. Therefore, we find the Notification was properly authenticated and Milord's claim meritless.

### iii. Amount Due

Milord next argues that the discrepancy in the amount owed between the outstanding balance on the Notification ($210,751) and the amount demanded in the complaint ($116,010.25) violates UCC § 9-406. We find this argument unpersuasive because LC Bank has pled that Milord was to pay LC Bank "any amounts to K-Com other than" the invoices specified in the Notification. We agree with LC Bank that Milord's account had been assigned, and that Milord was required to pay its account to LC Bank. Indeed, "where an account debtor receives notification of assignment but nonetheless pays only the assignor, the account debtor remains obligated in full under the contract, and upon the assignor's default, the assignee may enforce the account debtor's contractual obligations." *Reading Coop.*, 984 N.E.2d 776 at 782.

Accordingly, we find LC Bank's Notification proper, deny Milord's motion to dismiss.

## **CONCLUSION**

For the aforementioned reasons, the Court denies Milord's motion. It is so ordered.

Dated: 4/29/19

Charles P. Kocoras
United States District Judge